**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| *In re* | } | |
| NEAL A. JOHNSON | } | Case No. 25-10619-KB |
| | } | Chapter 13 |

**REQUEST TO DISMISS CHAPTER 13 CASE**
**Pursuant to 11 U.S.C. § 1307 (b)**

REQUEST is hereby made by the above-captioned Chapter 13 Debtor, NEAL A. JOHNSON pursuant to 11 U.S.C. § 1307 (b), to dismisses his case. Pursuant to this provision of the Code, "[O]n request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court **shall** dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable." (emphasis added).

In support hereof and by way of background and explanation, the Debtor's undersigned Counsel avers as follows:

1. Mr. Johnson's Bankruptcy case was filed on August 29, 2025. It was filed as a so-called skeletal petition because Mr. Johnson retained the undersigned on August 28, 2025 and he expressed great concern about a pending New Hampshire Federal Court case (Case No. 1:25-CV-00196-JL-TSM) involving the IRS who was, according to Mr. Johnson, seeking permission to foreclose on his residence in Nashua.

2. The undersigned conducted as much due diligence as possible within approximately twenty-four (24) hours from the time he was retained until filing the Chapter 13 case.

3. After the Chapter 13 case was filed, the Debtor directed the undersigned to his C.P.A. Jeff D. Murphy, CPA, MB, MST in Nashua, New Hampshire. In dealing with and exchanging information about Mr. Johnson's revenue, taxes and other financial information as well as searching public and real estate

records, it became clear that the Debtor was ineligible to be a Chapter 13 Debtor due to his secure and unsecure debt limits set forth in 11 U.S.C. § 109 (e) since a debtor cannot have more than $526,700 unsecured and $1,500,125 secured debt. Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $526,700 and noncontingent, liquidated, secured debts of less than $$1,500,125 or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $526,700 and noncontingent, liquidated, secured debts of less than $$1,500,125 may be a debtor under chapter 13 of this title."

4. The 2023 IRS liens recorded with the Hillsborough County Registry of Deeds showed debt of $1,558,573 in addition to other liens. The undersigned counsel has been working with the Debtor and his C.P.A. to ascertain if the Debtor could sustain a Chapter 11 case. However, after a thorough review of information provided by the Debtor and the C.P.A., Debtor's counsel does not believe the Debtor can sustain a Chapter 11 case.

5. The undersigned has not received the needed documents and information to comply with this Court's Order (Doc. No. 6) and under Federal Rule of Bankruptcy Procedure 1007 and Administrative Order 1007-2. Debtor's Counsel notes that failure to file the documents required by 11 U.S.C. Section 521(a)(1) will result in a case being automatically dismissed in accordance with Administrative Order 1007-2(e). Moreover, failure to file the documents not listed under 521(a)(1) but required by Administrative Order 1007-2 may have the same effect. Mr. Johnson was advised of same. Mr. Johnson's C.P.A. indicated that he was in the process of compiling documents in attempt to complete tax returns to submit to the IRS. As of this moment, the Debtor has not filed federal tax returns for several years.

Respectfully submitted,
Neal A Johnson
By Counsel,

DATED: October 1, 2025

/s/ William J. Amann, Esq.

William J. Amann
BNH 05955
AMANN BURNETT PLLC
757 Chestnut Street
Manchester, NH 03104
603-696-5401
wamann@amburlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, I caused a copy of the foregoing document to be served by the Court's ECF system or by first-class mail, postage-prepaid to those, then registered users with the CM/ECF system, including but not limited to those listed below.

DATED: October 1, 2025 /s/ William J. Amann, Esq.

Arlo B. Blaisus
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 55 – Ben Franklin Station Washington,
D.C. 20044

Department of Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Jefferson Capital Systems, LLC
PO Box 7999
St. Cloud, MN 56302-9617

HVAC Integration LLC
Bielagus Law Offices PLLC
PO Box 3091
Peterborough NH 03458

OneMain Financial Group, LLC
PO Box 981037
Boston, MA 02298

***Debtor***
**Neal A. Johnson**
62 Tanglewood Drive
Nashua, NH 03062

***Trustee***
**Lawrence P. Sumski**
Trustee
32 Daniel Webster Highway
Suite 15
Merrimack, NH 03054

***U.S. Trustee***
**Office of the U.S. Trustee**
James C. Cleveland Building
53 Pleasant Street
Suite 2300
Concord, NH 03301

Jeffrey D. Murphy, CPA, MBA, MST
Murphy Gaudreau Hoskinson, Inc.
One Tara Boulevard LL-Suite 008
Nashua, NH 03062